# TAB B


**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671     FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to: 03-0180

CERTIFIED MAIL

FEB - 2 2006

Mary Susan Philp, Esq.
Powers, Pyles, Sutter & Verville, PC
Twelfth Floor
1875 Eye Street, N.W.
Washington, D.C. 20006-5409

RECEIVED
FEB - 7 2006
P, P S, & V

RE: Methodist Hospital of Memphis
Provider No. 44-0049
FYE 12/31/98
PRRB Case No. 03-0108

Dear Ms. Philp:

This is in response to the Provider's request that the Provider Reimbursement Review Board (Board), pursuant to 42 U.S.C. § 1395oo(f)(1), determine that it is without the authority to decide the question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000, is valid. The Provider is seeking to have section 1115 expansion waiver days included in the DSH calculation for period prior to January 20, 2000.

The Provider believes that this regulation conflicts with 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and (II), ( the DSH calculation) which provides for two proxies as measures of the volume of low-income patients served by a hospital:

> (1) the percentage of the total Medicare inpatient days provided to low income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act); and

> (2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid program]."

The Provider believes that the regulation, 42 C.F.R. § 412.106(b)(4)(ii) is inconsistent with the statutory language of §1395ww(d)(5)(F)(vi)(II). Section 1395oo(f)(1) permits providers that have requested and are entitled to a hearing before the Board under 42 U.S.C. § 1395oo(a), to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without the authority to decide such question.

The Board has reviewed the submissions of the Provider pertaining to the requests for hearing and expedited judicial review. The documentation shows that the estimated

amount in controversy for the appeal exceeds $10,000, as required. The estimated amount in controversy is subject to recalculation by the Intermediary for the actual final amount.

The Board finds that:

1) it has jurisdiction over the matter for the subject year and the Provider is entitled to a hearing before the Board;

2) based upon the Provider's assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board;

3) it is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share adjustment prior to January 20, 2000, is valid.

Accordingly, the Board finds that the section 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f)(1) and hereby grants the Provider's request for expedited judicial review for the issue and the subject year. The Provider has 60 days from the receipt of this decision to institute the appropriate action for judicial review. The graduate medical education issue will remain pending in this case.

Board Members Participating

Suzanne Cochran, Esq.
Gary B. Blodgett, DDS
Elaine C. Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

FOR THE BOARD:

Suzanne Cochran, Esq.
Chairman

Enclosures: 42 U.S.C. § 1395oo (f)(1)

cc: Gary Gerber, Tri-Span Health Services
    Wilson Leong, BCBSA)



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671      FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to:
04-0110
CERTIFIED MAIL

FEB - 2 2006

Mary Susan Philp, Esq.
Powers, Pyles, Sutter & Verville, PC
Twelfth Floor
1875 Eye Street, N.W.
Washington, D.C. 20006-5409

RECEIVED
FEB - 7 2006
P, P S, & V

RE: Methodist Hospital of Memphis
Provider No. 44-0049
FYE 12/31/99
PRRB Case No. 04-0110

Dear Ms. Philp:

This is in response to the Provider's request that the Provider Reimbursement Review Board (Board), pursuant to 42 U.S.C. § 1395oo(f)(1), determine that it is without the authority to decide the question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000, is valid. The Provider is seeking to have section 1115 expansion waiver days included in the DSH calculation for period prior to January 20, 2000.

The Provider believes that this regulation conflicts with 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and (II), ( the DSH calculation) which provides for two proxies as measures of the volume of low-income patients served by a hospital:

> (1) the percentage of the total Medicare inpatient days provided to low income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act); and

> (2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid program]."

The Provider believes that the regulation, 42 C.F.R. § 412.106(b)(4)(ii) is inconsistent with the statutory language of §1395ww(d)(5)(F)(vi)(II). Section 1395oo(f)(1) permits providers that have requested and are entitled to a hearing before the Board under 42 U.S.C. § 1395oo(a), to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without the authority to decide such question.

The Board has reviewed the submissions of the Provider pertaining to the requests for hearing and expedited judicial review. The documentation shows that the estimated

Provider Reimbursement Review Board
Page 2 Mary Susan Philp                                                         CN 04-0110

amount in controversy for the appeal exceeds $10,000, as required. The estimated amount in controversy is subject to recalculation by the Intermediary for the actual final amount.

The Board finds that:

1) it has jurisdiction over the matter for the subject year and the Provider is entitled to a hearing before the Board;

2) based upon the Provider's assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board;

3) it is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share adjustment prior to January 20, 2000, is valid.

Accordingly, the Board finds that the section 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f)(1) and hereby grants the Provider's request for expedited judicial review for the issue and the subject year. The Provider has 60 days from the receipt of this decision to institute the appropriate action for judicial review. The graduate medical education issue will remain pending in this case.

Board Members Participating

    Suzanne Cochran, Esq.
    Gary B. Blodgett, DDS
    Elaine C. Powell, CPA
    Anjali Mulchandani-West
    Yvette C. Hayes

FOR THE BOARD:

Suzanne Cochran, Esq.
Chairman

Enclosures: 42 U.S.C. § 1395oo (f)(1)

cc: Gary Gerber, Tri-Span Health Services
    Wilson Leong, BCBSA)


DEPARTMENT OF HEALTH AND HUMAN SERVICES
PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:
05-0678

**CERTIFIED MAIL**

MAR - 7 2006

Mary Susan Philp, Esq.
Powers, Pyles, Sutter & Verville, PC
Twelfth Floor
1875 Eye Street, N.W.
Washington, D.C. 20006-5409

                RE: Methodist Hospital of Memphis
                    Provider No. 44-0049
                    FYE 12/31/00
                    PRRB Case No. 05-0678

Dear Ms. Philp:

This is in response to the Provider's request that the Provider Reimbursement Review Board (Board), pursuant to 42 U.S.C. § 1395oo(f)(1), determine that it is without the authority to decide the question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000, is valid. The Provider is seeking to have section 1115 expansion waiver days included in the DSH calculation for period priors to January 20, 2000.

The Provider believes that this regulation conflicts with 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and (II), (the DSH calculation) which provides for two proxies as measures of the volume of low-income patients served by a hospital:

> (1) the percentage of the total Medicare inpatient days provided to low income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act); and

> (2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid program]."

The Provider believes that the regulation, 42 C.F.R. § 412.106(b)(4)(ii), is inconsistent with the statutory language of §1395ww(d)(5)(F)(vi)(II). Section 1395oo(f)(1) permits providers that have requested and are entitled to a hearing before the Board under 42 U.S.C. § 1395oo(a), to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without the authority to decide such question.

The Board has reviewed the submissions of the Provider pertaining to the request for hearing and expedited judicial review. The documentation shows that the estimated amount in controversy for the appeal exceeds $10,000, as required for an appeal. The

Provider Reimbursement Review Board
Page 2 Mary Susan Philp                                                    CN05-0678

estimated amount in controversy is subject to recalculation by the Intermediary for the actual final amount.

The Board finds that:

1) it has jurisdiction over the matter for the subject year and the Provider is entitled to a hearing before the Board;

2) based upon the Provider's assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board;

3) it is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share adjustment prior to January 20, 2000, is valid.

Accordingly, the Board finds that the section 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f)(1) and hereby grants the Provider's request for expedited judicial review for the issue and the subject year. The Provider has 60 days from the receipt of this decision to institute the appropriate action for judicial review. Since this is the only issue under dispute, the Board hereby closes the case.

Board Members Participating

    Suzanne Cochran, Esq.
    Gary B. Blodgett, DDS
    Elaine C. Powell, CPA
    Anjali Mulchandani-West
    Yvette C. Hayes

FOR THE BOARD:

*Gary B. Blodgett for*

Suzanne Cochran, Esq.
Chairman

Enclosures: 42 U.S.C. § 1395oo (f)(1)

cc: Gary Gerber, Tri-Span Health Services
    Wilson Leong, BCBSA