IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METHODIST HEALTHCARE-MEMPHIS HOSPITALS, </br></br> Plaintiff, </br></br> v. </br></br> MICHAEL O. LEAVITT, </br>Secretary, United States Department of </br>Health and Human Services, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil No. 06-0579 (RJL) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## ANSWER

Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, by and through his undersigned counsel, answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:[1]

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, except to admit that Plaintiff is a hospital that participates in

---

[1] Defendant notes that attached to the Complaint are various documents. This is a record-review case. To the extent the materials filed as attachments to the Complaint are not part of the certified administrative record for this case, they are not properly before the Court.

the Medicare program. The second, third, fourth, and fifth sentences contain conclusions of law, Plaintiff's characterizations of this action, and Plaintiff's characterizations of the Medicare statute and federal regulations, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. Denies the sixth sentence.

2. Denies, except to admit that this action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("the Medicare statute").

3. This paragraph sets forth Plaintiff's legal conclusions to which no response is deemed to be required.

4. Admits.

5. Admits the first sentence. The second sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

6-7. Admits.

8. Admits the first sentence. The second sentence of this paragraph contains Plaintiff's characterizations of 42 U.S.C. § 1395f(b), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. The third sentence of this paragraph contains Plaintiff's characterizations of 42 U.S.C. § 1395ww(d), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. Denies the fourth sentence, except to admit that generally, under PPS, hospitals are paid predetermined amounts for each of

approximately 520 diagnosis-related groups, subject to certain payment adjustments.

    9.  Admits.

    10.  This paragraph contains conclusions of law and Plaintiff's characterizations of 42 C.F.R. §§ 413.24(f) and 405.1803, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulations, to which the Court is referred for a full and accurate statement of their contents.

    11.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; admits the existence of the cited statutory provision, 42 U.S.C. § 1395oo(a), to which the Court is referred for a full and accurate statement of its contents.

    12.  The first sentence of this paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, and thus no response is required; admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.  Admits the second sentence.

    13-15.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; admits the existence of the cited statutory provision, 42 U.S.C. § 1395oo(f)(1), to which the Court is referred for a full and accurate statement of its contents.

    16.  This paragraph contains Plaintiff's characterizations of Title XIX of the Social Security Act, not allegations of fact, and thus no response is required.

    17.  The first sentence of this paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1396d, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

The second sentence of this paragraph contains conclusions of law and Plaintiff's characterizations of provisions of the Medicaid statute, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of 42 U.S.C. § 1396a(a)(10)(A), to which the Court is referred for a full and accurate statement of its contents.

18. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1396, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

19. Admits that the State of Tennessee had a State plan approved by the Secretary under Title XIX of the Social Security Act during the time period at issue in this case. The remainder of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

20. The first and third sentences of this paragraph contain conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1315 and 42 U.S.C. § 1396a, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents. Admits the second sentence.

21. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1315, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of section 1115 of the Social Security Act, 42 U.S.C. § 1315, to which the Court is referred for a full and accurate statement of its

contents.

22. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1315 and 42 U.S.C. § 1396a, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

23. This paragraph contains conclusions of law and Plaintiff's characterizations of 65 Fed. Reg. 3136 (Jan. 20, 2000), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register document, to which the Court is referred for a full and accurate statement of its contents.

24. Admits that the State of Tennessee had a section 1115 waiver in place from January 1, 1998 through January 20, 2000. The remainder of this paragraph contains Plaintiff's legal conclusions to which no response is deemed to be required.

25. The first sentence of this paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395ww(d)(5)(C)(i) (1983), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

26. Admits that the Secretary has delegated to CMS the authority to calculate and administer disproportionate share hospital ("DSH") adjustments as part of the prospective payment system, and that this calculation and administration is sometimes performed by contractors known as fiscal intermediaries.

27. The first sentence contains Plaintiff's legal conclusions and Plaintiff's characterizations of the statute, to which no response is deemed to be required. Admits the second sentence.

28. This paragraph contains conclusions of law and Plaintiff's characterizations of the statute, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II), to which the Court is referred for a full and accurate statement of its contents.

29. Admits that a larger number of patient days in the numerator of the Medicaid fraction can result in a larger DSH adjustment for a hospital.

30. This paragraph contains Plaintiff's characterizations of 42 C.F.R. § 412.106, 51 Fed. Reg. 16,772, 16,777 (May 6, 1986), and 51 Fed. Reg. 31,454, 31,460 (Sept. 3, 1986), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation and Federal Register documents, to which the Court is referred for a full and accurate statement of their contents.

31. Denies, except to admit that the Secretary's policy prior to January 20, 2000 was to exclude section 1115 expansion population days from the numerator of the Medicaid fraction of the Medicare DSH calculation. Defendant respectfully refers the Court to the cited program memorandum for a full and accurate statement of its contents.

32. This paragraph contains conclusions of law and Plaintiff's characterizations of 65 Fed. Reg. 3136 (Jan. 20, 2000), 65 Fed. Reg. 47,065 (Aug. 1, 2000), and 42 C.F.R. § 412.106(b)(4)(ii), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register

documents and regulatory provision, to which the Court is referred for a full and accurate statement of their contents.

33-34. These paragraphs contain Plaintiff's legal conclusions to which no response is deemed to be required.

35. Admits the first sentence. Denies the second sentence.

36. This paragraph contains Plaintiff's legal conclusions and Plaintiff's characterizations of administrative appeals to which no response is deemed to be required.

37. Admits the existence of the referenced letters, to which the Court is referred for a full and accurate statement of their contents. See Certified Administrative Record ("A.R.") at 3-23, 43-63, and 81-105.

38. Admits the existence of the referenced letters, to which the Court is referred for a full and accurate statement of their contents. See A.R. at 1-2, 41-42, and 79-80.

39. This paragraph sets forth Plaintiff's legal conclusions to which no response is deemed to be required.

40. Defendant incorporates by reference the responses to paragraphs 1-39, as if fully set forth below.

41. Admits the first and second sentences. The third sentence contains Plaintiff's characterization of this action to which no response is deemed to be required.

42. Denies.

43. This paragraph contains conclusions of law and Plaintiff's characterization of the Medicare statute, not allegations of fact, and thus no response is required.

44. This paragraph contains conclusions of law, not allegations of fact, and thus no

response is required; to the extent a response is deemed necessary, denies.

    45-46.  Denies.

    47.  This paragraph sets forth Plaintiff's legal conclusions to which no response is deemed to be required.

    48.  Denies.

    49.  Denies the first sentence of this paragraph.  The remainder of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

    50.  Denies.

    51.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies that the Medicare statute requires the inclusion of section 1115 expansion population days in the numerator of the Medicaid fraction of the Medicare DSH calculation.

    52.  Defendant incorporates by reference the responses to paragraphs 1-51, as if fully set forth below.

    53.  Denies.

    54.  Defendant incorporates by reference the responses to paragraphs 1-51, as if fully set forth below.

    55.  Denies.

    The remainder of the Complaint contains Plaintiff's Prayer for Relief to which no response is deemed to be required; to the extent a response is deemed necessary, denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

The Secretary specifically denies all allegations in Plaintiff's Complaint not otherwise answered or qualified herein.

                                              Respectfully submitted,

                                              /s/
                                              KENNETH L. WAINSTEIN
                                              United States Attorney
                                              D.C. Bar No. 451058

                                              /s/
                                              PETER S. SMITH
                                              Assistant United States Attorney
                                              D.C. Bar No. 465131
                                              Civil Division
                                              555 4th Street, N.W.
                                              Washington, D.C.  20530
                                              (202) 307-0372/FAX: (202) 514-8780


                                              TRACEY GLOVER
                                              U.S. Department of Health and Human Services
                                              Office of the General Counsel
                                              Centers for Medicare & Medicaid Services Division
                                              330 Independence Ave., S.W., Room 5309
                                              Washington, D.C.  20201


                                              Attorneys for Defendant,
                                              Michael O. Leavitt,
                                              Secretary of Health and Human Services